UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN A. JOSLIN,<br>    Plaintiff<br><br>v.<br><br>HAMPSHIRE COUNTY HOUSE OF CORRECTIONS, HAMPDEN COUNTY HOUSE OF CORRECTIONS, and JOHN DOE,<br>    Defendants | Civil Action No.: |

## **COMPLAINT AND JURY DEMAND**

### I. **Introduction**

1. This is an action for damages involving the failure of the houses of correction to adequately protect the plaintiff from attack in violation of the Eighth and Fourteenth Amendments to the United States Constitution, correctional officer misconduct which violates 42 U.S.C. § 1983, the Federal Civil Rights Act, and G.L. c. 12 § 11I, the Massachusetts Civil Rights Act. In the alternative, this is an action for damages based upon the defendants' negligence which resulted in serious injury to the plaintiff.

### II. **Parties, Jurisdiction & Venue**

2. The plaintiff, John A. Joslin, is a natural person residing at 22 Greenwood Avenue, Holyoke, Massachusetts.

3. The defendant, Hampshire County House of Corrections ("Hampshire") is an agency of the Commonwealth of Massachusetts, and is located at 205 Rocky Hill Road, Northampton, Massacshusetts.

4. The Defendant Hampden County House of Corrections ("Hampden") is an agency of the Commonwealth of Massachusetts, and is located at 627 Randall Road, Ludlow, Massachusetts.

5. The Defendant John Doe, is an individual, known to the defendant Hampden County House of Corrections, employed by the Hampden County House of

Corrections as a correctional officer, who was informed by Joslin that another inmate had previously threatened and injured him and that he, the plaintiff, was in danger.

6. This action is brought pursuant to the Eighth Amendment to the United States Constitution, 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Accordingly, this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

7. The Court also has pendent or supplemental jurisdiction over the state civil rights and negligence claims pursuant to 28 U.S.C. § 1367.

8. Venue in the United States District Court for the District of Massachusetts is proper pursuant to 28 U.S.C. § 1391(b).

### III.　Factual Allegations

9. On or about June 28, 2008 the plaintiff was incarcerated at the Hampshire County House of Corrections.

10. The Hampshire County House of Corrections had a duty to insure the safety and well-being of the plaintiff while he was incarcerated there.

11. On or about June 28, 2008 the plaintiff was physically and sexually assaulted by other inmates housed at Hampshire, including, but not limited to, Hector Adorno, Eli Hall, Joshua Ritchott, Joseph Dziadek and Daniel Buckman.

12. As a result of this incident, the plaintiff suffered serious physical and emotional injuries.

13. The plaintiff sought, and received, medical treatment for his injuries from medical providers at Hampshire.

14. Subsequently, the plaintiff has been treated for post-traumatic stress disorder, anxiety and depression as a result of the injuries he received from this incident.

15. From December 29, 2008 to January 29, 2009 the plaintiff was incarcerated at the Hampden County House of Corrections.

16. The Hampden County House of Corrections had a duty to insure the safety and well-being of the plaintiff during his incarceration.

17. The plaintiff became aware that Joseph Dziadek ("Dziadek") was also incarcerated at Hampden during that time.

18. The plaintiff informed John Doe, a correctional officer at Hampden that Dziadek had participated in the assault against him at Hampshire and that Dziadek had made threats against the plaintiff.
19. The plaintiff informed Doe that his physical safety was at risk and requested that he and Dziadek be kept apart.
20. Despite his requests, John Doe did not take any steps to insure that the plaintiff and Dziadek were kept apart.
21. On January 27, 2009 the plaintiff was attacked by Dziadek and suffered physical injuries to his shoulder including but not limited to a torn rotator cuff.
22. Subsequently, the plaintiff has been treated for post-traumatic stress disorder, anxiety and depression as a result of the injuries he received from this incident.

## IV. CLAIMS

### Count I
**(Violation of Plaintiff's Eighth and Fourteenth Amendment Rights)**
**(Hampshire County House of Correction)**

23. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 of the complaint and, by reference, incorporates the same herein.
24. Under the Eighth and Fourteenth Amendments to the United States Constitution, the plaintiff was entitled to adequate protection from attack by other inmates.
25. The Hampshire County House of Correction violated the plaintiff's rights under the Eighth and Fourteenth Amendments.
26. As a direct and proximate result, the plaintiff has suffered the aforementioned violations of his constitutional rights and sustained serious injury.

### Count II
**(Negligence)**
**(Hampshire County House of Corrections)**

27. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 of the complaint and, by reference, incorporates the same herein.
28. The defendant Hampshire County House of Corrections owed the plaintiff a duty to insure his safety and well-being during his incarceration.

29. Upon information and belief, the failure of the Hampshire County House of Correction to properly select, train, supervise and discipline its correctional officers constitutes gross and deliberate indifference to safety of its inmates.

30. The defendant Hampshire County House of Corrections breached that duty.

31. As a direct and proximate result of the defendant Hampshire County House of Corrections' breach, the plaintiff has suffered serious injury.

## Count III
### (Violation of Plaintiff's Eighth and Fourteenth Amendment Rights)
### (Hampden County House of Corrections)

32. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 of the complaint and, by reference, incorporates the same herein.

33. Under the Eighth and Fourteenth Amendments to the United States Constitution, the plaintiff was entitled to adequate protection from attack by other inmates.

34. The Hampden County House of Correction violated the plaintiff's rights under the Eighth and Fourteenth Amendments

35. As a direct and proximate result, the plaintiff has suffered the aforementioned violations of his constitutional rights and sustained serious injury.

## Count IV
### (Negligence)
### (Hampden County House of Corrections)

36. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 of the complaint and, by reference, incorporates the same herein.

37. The defendant Hampden County House of Corrections owed the plaintiff a duty to insure his safety and well-being during his incarceration.

38. Upon information and belief, the failure of the Hampden County House of Correction to properly select, train, supervise and discipline its correctional officers constitutes gross and deliberate indifference to safety of its inmates

39. The defendant Hampden County House of Corrections breached that duty.

40. As a direct and proximate result of the defendant Hampden County House of Corrections' breach, the plaintiff has suffered serious injury.

### Count V
### (42 U.S.C. §1983)
### (John Doe)

41. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40 of the complaint and, by reference, incorporates the same herein.

42. The defendant, John Doe, is a "person" within the meaning of 42 U.S.C. § 1983, and his actions, as described herein, were taken under color of state law within the meaning of the statute.

43. By placing the plaintiff in proximity of Joseph Dziadek and other inmates during the plaintiff's incarceration, knowing of the threats and history of assaultive behavior towards the plaintiff, the defendant John Doe, both individually and in his professional capacity, deprived the plaintiff of his rights to be secure in his person and property as afforded him by the Fourth and Fourteenth Amendments to the Constitution of the United States.

44. The actions taken by the defendant John Doe, both individually and in his professional capacity, were taken with reckless disregard for the plaintiff's clearly established Constitutional rights.

45. As a direct and proximate result of the defendant John Doe's improper conduct, the plaintiff suffered the aforementioned violations of his constitutional rights and sustained serious bodily injury.

### Count VI
### (G.L. c. 12 §11I)
### (John Doe)

46. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45 of the complaint and, by reference, incorporates the same herein.

47. The defendant John Doe, both individually and in his professional capacity, acting with deliberate indifference, permitted the infliction of serious bodily injury on the plaintiff by Dziadek and other inmates, thereby depriving the plaintiff of his clearly established right to be secure in his person and property in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

48. John Doe's actions also violated the relevant portions of the Massachusetts Declaration of Rights.

49. The actions taken by John Doe were taken with reckless disregard for the plaintiff's Constitutional rights.
50. As a direct and proximate result of this conduct, the plaintiff suffered the aforementioned violations of his constitutional rights and sustained serious injury.

### Count VII
### (Negligence)
### (John Doe)

51. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45 of the complaint and, by reference, incorporates the same herein.
52. The defendant John Doe, both individually and in his professional capacity, owed the plaintiff a duty to insure his safety and well-being during his incarceration.
53. The defendant John Doe, both individually and in his professional capacity, breached that duty.
54. As a direct and proximate result of the defendant Hampden County House of Corrections' breach, the plaintiff has suffered serious injury.

### V.     Prayers for Relief

WHEREFORE, for the reasons set forth herein, the plaintiff prays for the following relief:

A. Entry of judgment for compensatory damages against the Hampshire County House of Corrections, Hampden County House of Corrections, and John Doe, jointly and severally;
B. Entry of judgment for punitive damages against the Hampshire County House of Corrections, Hampden County House of Corrections, and John Doe, jointly and severally;
C. Attorney's fees and costs pursuant to 42 U.S.C. § 1988;
D. Attorney's fees and costs pursuant to G.L. c. 12 § 11I; and
E. Such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,
John A. Joslin,
By his Attorney,

　　*/S/ Raipher D. Pellegrino*
Raipher D. Pellegrino, Esq.
BBO#560614
Denner Pellegrino, LLP
265 State Street
Springfield, MA  01103
(413) 746-4400 telephone
(413) 413-746-5353 facsimile
rpellegrino@dennerpellegrino.com